**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **Juan Yruegas,** | § | |
| | § | |
| | § | **Civil Action No. 5:18-cv-502-OLG-RBF** |
| *Plaintiff,* | § | |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **RWLS, LLC D/B/A RENEGADE** | § | |
| **SERVICES,** | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S AMENDED COMPLAINT

Juan Yruegas brings this action to recover compensation, liquidated damages, and attorneys' fees and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

### I.      OVERVIEW

1.      This is an action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

2.      Plaintiff worked for Defendant from approximately March 2012 to March 2015 and was paid a fixed salary plus a non-discretionary job bonus/day rate for all hours worked in the field, but did not receive overtime for all hours worked over forty (40) in each workweek.

3.      The FLSA requires that all forms of compensation—including the non-discretionary job bonuses/day rates paid to Plaintiff—be included in the calculation of the regular rate of pay for overtime purposes.

4.      Plaintiff routinely worked in excess of 40 hours per workweek.

5.      Plaintiff was not paid overtime for all hours worked in excess of forty (40) hours per workweek.

6.      The decision by Defendant not to pay overtime compensation to Plaintiff was neither reasonable nor in good faith.

7.      Defendant knowingly and deliberately failed to compensate Plaintiff overtime for all hours worked in excess of forty (40) hours per workweek.

8.      Plaintiff did not perform work that meets the definition of exempt work under the FLSA. Specifically, Plaintiff performed technical and manual labor job duties in the oilfield.

9.      Plaintiff therefore seeks to recover all unpaid overtime and other damages owed under the FLSA.

## II.      THE PARTIES

10.     Plaintiff Juan Yruegas is an individual who resides in Sweetwater, Nolan County, Texas. Plaintiff Yruegas worked for Defendant within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Yruegas did not properly receive overtime compensation for all hours worked in excess of forty (40) hours per workweek. Yruegas has previously consented to being a party in this lawsuit.

11.     RWLS, LLC d/b/a Renegade Services ("RWLS") is a Texas limited liability company and has already been served with process.

## III.     JURISDICTION & VENUE

12.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 et. seq.

13.     This Court has personal jurisdiction over Defendant because the cause of action arose within this District as a result of Defendant's conduct within this District.

14.     Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

15.     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.     FLSA COVERAGE

16.     At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17.     At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18.     At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

19.     During Plaintiff's employment by Defendant, he provided services for Defendant that involved interstate commerce for purposes of the FLSA.

20.     In performing the operations hereinabove described, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

21.     Specifically, Plaintiff was a non-exempt employee who worked for Defendant and was engaged in oilfield services that were directly essential to the production of goods for Defendant and related oil and gas exploration and production companies. 29 U.S.C. § 203(j).

22.    At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.    FACTS

23.    RWLS is an oilfield wireline service company servicing the oil and gas industry in the State of Texas and throughout the United States.

24.    To provide its services, Defendant employed numerous workers, including Plaintiff.

25.    Defendant had the ability to hire and fire Plaintiff, supervised and controlled Plaintiff's work schedule and/or the conditions of his employment, set the rate and method of payment for Plaintiff, and maintained Plaintiff's employment records.

26.    Plaintiff Yruegas worked for Defendant as a Gun Builder, Shop Hand, and Rigger from approximately March 2012 to approximately March 2015.

27.    Plaintiff's primary job duties included performing daily checklists, assisting with the building and preparation of equipment, and performing other oilfield-related functions in the shop or on various job sites in the State of Texas and throughout the United States.

28.    Plaintiff's daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Defendant and/or its clients. Virtually every job function was pre-determined by Defendant, including the tools to use at a job site, the schedule of work, and related work duties. Plaintiff was prohibited from varying his job duties outside of the predetermined parameters. Moreover, Plaintiff's job functions were primarily technical and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

29.     Plaintiff is a blue-collar worker. He relies on his hands, physical skills, and energy to perform manual labor in the oilfield.

30.     Plaintiff's duties did not include managerial responsibilities or the exercise of independent discretion or judgment.

31.     Plaintiff did not have the authority to hire or fire other employees, and he was not responsible for making hiring or firing recommendations.

32.     Plaintiff did not supervise two or more employees.

33.     Plaintiff worked long hours. Specifically, Plaintiff regularly worked 12 hours per day and at least 60 hours per week.

34.     Plaintiff received job bonuses/day rates in addition to his regular base pay (fixed salaries).

35.     The non-discretionary bonuses/day rates paid to Plaintiff was meant to encourage and motivate Plaintiff to work harder and to reward him for his hard work.

36.     The non-discretionary bonuses/day rates were based upon a pre-determined formula established by Defendant. Specific criteria had to be met in order to receive the job bonuses/day rates.

37.     When Plaintiff met the criteria, he was entitled to receive the job bonuses/day rates.

38.     The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay. Under the FLSA, the regular rate of pay is the economic reality of the arrangement between the employer and the employee. 29 C.F.R. § 778.108.

39.     Pursuant to 29 C.F.R. § 778.209, these non-discretionary job bonuses/day rates (and any other non-discretionary compensation) should have been included in Plaintiff's regular rates of pay before any and all overtime multipliers were applied.

40.     Defendant denied Plaintiff overtime pay as a result of a widely applicable, illegal pay practice. Plaintiff regularly worked in excess of forty (40) hours per week but never received overtime compensation.

41.     Defendant applied this pay practice despite clear and controlling law that states that the manual labor or technical duties which were performed by Plaintiff consisted of non-exempt work.

42.     Accordingly, Defendant's pay policies and practices blatantly violate the FLSA.

43.     Defendant acted recklessly and willfully in its violations of the FLSA. In approximately 2013, Plaintiff complained to Defendant—specifically to Defendant's manager, Randy Chesser—regarding working uncompensated overtime hours and that he was generally overworked and underpaid. Nonetheless, Defendant continued to pay Plaintiff on an exempt basis and ignored his concerns.

44.     Defendant has previously and on more than one occasion been sued for similar overtime violations; nonetheless, the unlawful practice persisted. For example, in *Tvrdovsky v. Renegade Wireline Services (RWLS)*, No. 2:13-cv-01463-JFC (W.D. Pa., Oct. 8, 2013), Plaintiff filed suit on behalf of a class of Defendant's non-exempt workers who had also been misclassified as overtime exempt and paid on the same salary/bonus scheme as Plaintiff. Therefore, approximately half of the period of Plaintiff's employment was after Defendant was put on notice that the very same practices challenged in this matter were unlawful, yet the practice persisted. Additionally, in approximately October 2014, the *Tvrdovsky* matter was

settled. *See Tvrdovsky*, No. 2:13-cv-01463-JFC, ECF #24. Nonetheless, Defendant's unlawful practices persisted, further depriving Plaintiff of lawful wages. *See also*, *Cesovski v. Renegade Wireline Services (RWLS)*, Case No. 2:16-cv-00691-JFC, (W.D. Pa. May 26, 2016), ECF #1 at ¶ 20, corroborating that, as of at least February 2015 and during part of the period covered by this lawsuit, and despite the knowledge gained from *Tvrdovsky*, Defendant continued to pay non-exempt workers unlawfully and in violation of wage and hour statutes.

45.     Defendant knew or should have known its pay practices were in violation of the FLSA.

## VI.     CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT.

46.     Plaintiff incorporates by reference the above paragraphs as if fully stated herein.

47.     Defendant violated provisions of Sections 6, 7, and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

48.     Defendant knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff overtime compensation. 29 U.S.C. § 255(a).

49.     Defendant was aware of the FLSA's minimum wage and overtime requirements and chose not to pay Plaintiff overtime. Defendant has been previously sued for violations of wage and hour statutes. Defendant knew that Plaintiff performed non-exempt manual labor or technical work, knew that this work did not qualify Plaintiff for an exemption, and nonetheless misclassified Plaintiff as exempt from overtime.

50.     Defendant is a sophisticated employer and therefore knew or should have known its policies were in violation of the FLSA. Plaintiff, on the other hand, is blue-collar worker who trusted and relied on Defendant to pay him according to the law.

51.     Defendant received complaints that Plaintiff was underpaid and overworked. The decision and practice by Defendant to not pay overtime was neither reasonable nor in good faith. Rather, Defendant acted with reckless disregard as to its workers' health and well-being and to the provisions of the FLSA.

52.     Plaintiff is entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times his regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## VII.    RELIEF SOUGHT

53.     Plaintiff respectfully prays for judgment against Defendant as follows:

a.     For an Order awarding Plaintiff back wages that have been improperly withheld;

b.     For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

c.     For an Order awarding Plaintiff the costs of this action;

d.     For an Order awarding Plaintiff attorneys' fees;

e.     For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

f.     For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,


*/s/ J. Derek Braziel*

**J. DEREK BRAZIEL**
Texas Bar No. 00793380
jdbraziel@l-b-law.com
**TRAVIS GASPER**
Texas Bar No. 24096881
gasper@l-b-law.com
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400 phone
(214) 749-1010 fax
jdbraziel@l-b-law.com

**JACK SIEGEL**
Texas Bar No. 24070621
**SIEGEL LAW GROUP PLLC**
2820 McKinnon, Suite 5009
Dallas, Texas 75201
P: (214) 790-4454
www.4overtimelawyer.com

**CLIF ALEXANDER**
Texas Bar No. 24064805
**ANDERSON2X, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
(361) 452-1279 phone
(361) 452-1284 fax
www.a2xlaw.com

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was electronically filed and served on all parties of record via the Court's CM/ECF filing system.

/s/ J. Derek Braziel
**J. DEREK BRAZIEL**