## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JUAN YRUEGAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **C.A. No: 5:18-cv-00502-OLG-RBF** |
| **v.** | ) | |
| | ) | |
| **RWLS, LLC D/B/A RENEGADE** | ) | |
| **SERVICES,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |
| | ) | |

## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
## AND ADDITIONAL DEFENSES

AND NOW COMES RWLS, LLC, d/b/a Renegade Wireline Services ("Defendant"), by its undersigned counsel, and states the following answers and additional defenses to the Amended Complaint (the "Complaint") filed by Juan Yruegas ("Plaintiff"). The numbered paragraphs below correspond to the like-numbered paragraphs of the Complaint. Unless specifically admitted herein, each factual allegation in the Complaint is denied.

### I.  OVERVIEW

1.      Defendant admits only that Plaintiff seeks recovery under the cited statute. The remaining allegations are denied.

2.      Denied.  By way of further response, Defendant employed Plaintiff from approximately April of 2012 to approximately March of 2015 and paid him a fixed salary during that time plus a job bonus/day rate for all hours worked until he was converted to hourly on November 11, 2014.  The allegation is otherwise denied and the remaining allegations are denied.

3.      The allegation in Paragraph 3 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

4.      The allegation in Paragraph 4 is vague and ambiguous, in that the term "routinely" worked in excess of 40 hours per workweek is uncertain and capable of various meanings; therefore, Defendant cannot respond specifically.  To the extent a response is deemed necessary, the allegation is denied.

5.      The allegation in Paragraph 5 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

6.      The allegation in Paragraph 6 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

7.      The allegation in Paragraph 7 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

8.      The allegation in Paragraph 8 is a conclusion of law to which no responsive pleading is required.  It also is vague and ambiguous, not allowing Defendant to respond specifically.  To the extent a response is deemed necessary, the allegation is denied.

9.      Paragraph 9 is a prayer for relief to which no responsive pleading is required.  It also is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed to be required, Defendant denies that any relief is owed.

## II.  THE PARTIES

10.      The allegations in Paragraph 10 violate the pleading requirements set forth in FED. R. CIV. P. 10(b) in that multiple averments are made, making it difficult for Defendant to respond.  With that being said, Defendant denies that Plaintiff worked for Defendant within the past three years.  Defendant is without sufficient knowledge to admit or deny Plaintiff's current

residence.  Whether or not Plaintiff's work for Defendant was "within the meaning of the FLSA" and whether he was "properly" paid are conclusions of law to which no responsive pleading is required.  To the extent responses are deemed necessary, the allegations are denied.  The remaining allegations are denied.

11.     Admitted in part and denied in part.  It is admitted that Defendant is a Texas limited liability company and that Defendant was served with process in the original lawsuit filed within this Honorable District at C.A. No.: 5:16-cv-201-OLG-RBF.  It is denied that Defendant was specifically served with process in this individual lawsuit.

### III.   JURISDICTION & VENUE

12.     The allegation in Paragraph 12 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

13.     The allegation in Paragraph 13 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

14.     The allegation in Paragraph 14 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

15.     The allegation in Paragraph 15 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

### IV.   FLSA COVERAGE

16.     The allegation in Paragraph 16 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

17.     The allegation in Paragraph 17 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

18.     The allegation in Paragraph 18 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

19.     The allegation in Paragraph 19 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

20.     The allegation in Paragraph 20 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

21.     The allegation in Paragraph 21 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

22.     The allegation in Paragraph 22 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

## V.  FACTS

23.     Admitted in part and denied in part.  Defendants admit that RWLS performs work in Texas and in some states throughout the United States.  Defendants deny that RWLS performs work in all states throughout the United States.

24.     Admitted.

25.     Admitted.

26.     Denied as stated.  Defendant employed Plaintiff from approximately April of 2012 to approximately March of 2015 as an Operator and Gun Builder.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.   By way of further response, from time to time, Plaintiff may have received bonuses in addition to his regular base pay.

35.     Defendant admits only that the Plaintiff's compensation was intended to compensate him for all hours worked.  The remaining allegations are denied.

36.     Defendant admits only that when Plaintiff met certain criteria, he could be eligible to receive a bonus.  The remaining allegations are denied.

37.     Defendant admits only that when Plaintiff met certain criteria, he could be eligible to receive a bonus.  The remaining allegations are denied.

38.     Paragraph 38 is a characterization of the law, with no factual allegation for Defendant to admit or deny.  To the extent a response is deemed necessary, the allegation is denied.

39.     The allegation in Paragraph 39 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

40.     The allegation in Paragraph 40 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

41.     The allegation in Paragraph 41 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

42.     The allegation in Paragraph 42 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

43.     The allegations in Paragraph 43 pertaining to "Defendant act[ing] recklessly and willfully in its violations of the FLSA" are conclusions of law to which no response is required.

To the extent a response is deemed necessary, the allegations are denied.   The remaining allegations pertaining to Plaintiff's alleged complaints and Defendant's purported response are denied.

44.      Admitted in part and denied in part.  Defendant admits only that: (1) Defendant was sued in the two civil actions identified in Paragraph 44; and (2) both cases settled.  The plaintiffs' allegations in those two cases are contained in their respective complaints, which are documents that speak for themselves, and Defendant denies any characterizations or allegations that are inconsistent with those documents.  The remaining allegations are denied.

45.      The allegation in Paragraph 45 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

## VI.   CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT.

46.      Paragraph 46 is an incorporation paragraph to which no response is required.  To the extent a response is deemed necessary, Defendant incorporates Paragraphs 1 through 45 of its Answer as though more fully set forth herein.

47.      The allegation in Paragraph 47 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

48.      The allegation in Paragraph 48 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

49.      The allegations in Paragraph 49 violate the pleading requirements set forth in FED. R. CIV. P. 10(b) in that multiple averments are made, making it difficult for Defendant to respond.  With that being said, the allegations in Paragraph 49 are admitted in part and denied in part.   Defendant admits only that Defendant has previously been sued relating to alleged

violations of certain wage and hour statutory provisions.  The remaining allegations in Paragraph 49 are denied.

50.    The allegation that Defendant "knew or should have known" the lawfulness of its policies is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.   Plaintiff's use of the words "sophisticated" and "blue-collar" are vague and ambiguous, not allowing Defendant to respond specifically.   To the extent a response is required, the allegation is denied.   The remaining allegations are denied.

51.    The allegations in Paragraph 51 are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegations are denied.

52.    The allegation in Paragraph 52 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

## VII.   RELIEF SOUGHT

53.    Paragraph 53 and its subparts are a prayer for relief to which no responsive pleading is required.  To the extent a response is deemed to be required, Defendant denies that Plaintiff is entitled to any relief.

## ADDITIONAL DEFENSES

Defendant states the following additional defenses to the Complaint, but does not assume the burden of proof of any such defense except as required by applicable law with respect to the particular defense asserted.

1.    Plaintiff has failed in whole or in part to state a claim upon which relief may be granted.

2.      Plaintiff was properly classified under local, state and federal law as an exempt employee based on the executive, administrative, professional, Motor Carrier, and/or highly compensated employee exemptions.

3.      Plaintiff was for certain applicable time periods paid a salary for all hours worked, however few or many.

4.      To the extent Plaintiff is entitled to any overtime damages, such overtime should be calculated using, at most, the half-time rate.

5.      Plaintiff's claims are barred, in part, by the applicable statutes of limitations or limitations periods.

6.      Defendant has paid all compensation due and owing in accordance with the requirements of local, state and federal laws in that, among other things, its overtime payment calculations were correct.

7.      Defendant's actions and/or omissions were, at all times material to the Complaint, in good faith and in conformity with and reliance upon local, state and federal laws, administrative regulations, orders, rulings, statements, practices, approvals and/or interpretations.

8.      Plaintiff cannot establish that any acts or omissions of Defendant were willful under the FLSA, or willful or intentional under any applicable state law.

9.      Plaintiff's claims fail, in whole or in part, to the extent that he seeks compensation for activities that are considered non-compensable, whether under the Portal-to-Portal Act, or otherwise.

10.      Plaintiff's claims are barred in whole or in part to the extent that other action(s) are pending on the same claims.

11.     The claims are barred, in whole or in part, under the doctrines of waiver, laches, estoppel, ratification, acquiescence, or unclean hands.

12.     Defendant reserves the right to amend its pleadings to assert any additional affirmative defenses that become known or ascertained through the course of discovery.

WHEREFORE, Defendant, by counsel, respectfully requests judgment in its favor and against Plaintiff on all causes of action, that Plaintiff takes nothing by way of his Complaint and for all other necessary and proper relief.

Dated:  June 25, 2018                                     Respectfully submitted,

                                                           */s/ Christian C. Antkowiak*

                                                  Christian C. Antkowiak (PA 209231)
                                                  christian.antkowiak@bipc.com
                                                  Curtis M. Schaffner(PA 311274, pro hac)
                                                  curtis.schaffner@bipc.com
                                                  Buchanan Ingersoll & Rooney PC
                                                  301 Grant Street, 20th Floor
                                                  Pittsburgh, PA 15219
                                                  Phone: 412-562-8800
                                                  Fax:    412-562-1041

                                                  Brian S. Walsh (TX 24045276)
                                                  The Law Offices of Brian S. Walsh
                                                  516 Ave. H
                                                  Levelland, Texas 79336
                                                  Phone: 806-894-1541
                                                  Fax:    806-894-1543

                                                  *Attorneys for Defendant, RWLS, LLC*
                                                  *d/b/a Renegade Wireline Services*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I electronically filed a copy of the foregoing and that the Court's

Electronic Filing System will provide notice of this filing to counsel of record for all parties.

*/s/ Christian C. Antkowiak*

Christian C. Antkowiak
